HAGNER (BRENT v.). See Case No. 1,839.
HAGNER (HALL v.). See Case No. 5,933.

## Case No. 5,901.

### In re HAHNLEN.

[1 Pa. Law J. 10.]

District Court, E. D. Pennsylvania. 1842.

BANKRUPTCY—REAL ESTATE—SALE UNDER LIEN PRIOR TO BANKRUPTCY.

The court will not order a sale of real estate of the bankrupt, where it is charged with incumbrances to its full probable value, and where a suit under a lien prior to decree of bankruptcy is in progress. under which a sale will probably be had within a reasonable time.

In bankruptcy.

J. A. Phillips, for the assignee, presented a petition in writing. setting forth that Jacob F. Hahnlen, had been decreed a bankrupt, and that, among other properties which came to petitioner as assignee. there were certain pieces of real estate, subject to incumbrances which were daily decreasing in amount, thus diminishing the fund of the creditor, and praying for a sale of said real estate.

H. M. Phillips and C. Guillon, who represented mortgagees of the real estate, opposed the application, because the first mortgage upon the premises had been sued, and sale would be had where no question as to priority of lien, or right of distribution would arise; that though the act of congress [of 1867 (14 Stat. 517)] carefully preserved the

position of existing liens, yet a sale by the assignee. who claimed to make a judicial sale, and clear of all incumbrances, could raise a question of distribution. wholly unnecessary. and the tendency of which would be to charge the bankrupt's personal property with the expenses of the sale of the real estate, from which nothing would be realized to the assignee.

RANDALL, District Judge. refused the application for the present, with liberty for the assignee to renew it, if a sale was not effected, under the suit pending in the state court, in a reasonable time.